JAMES EDGAR CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 14606.   Promulgated April 22, 1929.

*Frank J. Albus, Esq.,* and *James V. Giblin, C. P. A.,* for the petitioner.

*Philip M. Clark, Esq.,* for the respondent.

OPINION.

TRUSSELL: The allegation of error makes reference to prior years, but these are not before us. The sole issue in this proceeding is the propriety of allowing the deductions from the opening and the closing inventories of the petitioner for the year ended January 31, 1922, of amounts of cash discounts arrived at by a process of averaging.

Section 203 of the Revenue Act of 1921 provides for the use of inventories whenever they are necessary in order to determine clearly the income, and it leaves to the Commissioner, with the approval of

the Secretary, the duty of prescribing such bases as will conform as nearly as may be to the best accounting practice in the trade or business, and also as most clearly reflecting income.

The regulations of the Commissioner are published in Regulations 62, articles 1581 to 1588, inclusive. A perusal of these articles makes plain the reason for the use of the word "clearly" throughout section 203 of the statute rather than "exactly" or "accurately." At best, the average retail inventory, due to the physical difficulties involved in its taking and to the necessity for the exercise of experienced personal judgment, can be but an approximation.

We select from the articles of the regulations the following, as of particular reference to the issue here under consideration:

ART. 1582. * * * An inventory that can be used under the best accounting practice in the balance sheet showing the financial position of the taxpayer can, as a general rule, be regarded as clearly reflecting his income. * * *

ART. 1583. *Inventories at cost.*—Cost means:

(1) In the case of merchandise on hand at the beginning of the taxable year, the inventory price of such goods.

(2) In the case of merchandise purchased since the beginning of the taxable year, the invoice price less trade or other discounts, except strictly cash discounts, approximating a fair interest rate, which may be deducted or not at the option of the taxpayer, provided a consistent course is followed. To this net invoice price should be added transportation or other necessary charges incurred in acquiring possession of the goods.

(3) In the case of merchandise produced by the taxpayer since the beginning of the taxable year (a) the cost of raw materials and supplies entering into or consumed in connection with the product, (b) expenditures for direct labor, (c) indirect expenses incident to and necessary for the production of the particular article, including in such indirect expenses a reasonable proportion of management expenses, but not including any cost of selling or return on capital, whether by way of interest or profit.

(4) In any industry in which the usual rules for computation of cost of production are inapplicable, costs may be approximated upon such basis as may be reasonable and in conformity with established trade practice in the particular industry. Among such cases are (a) farmers and raisers of live stock (see article 1586), (b) miners and manufacturers who by a single process or uniform series of processes derive a product of two or more kinds, size or grade, the unit cost of which is substantially alike (see article 1587), and retail merchants who use what is known as the "retail method" in ascertaining approximate cost. See article 1588.

In *Warfield-Pratt-Howell Co.*, 13 B. T. A. 305, we had occasion to discuss at length the present status of accounting practice with relation to cash discounts. Accounting authorities differ. The division of opinion among the accountants is reflected in the option allowed in the regulations to either deduct or not deduct the cash discounts, provided whatever method is selected be consistently followed every year. The petitioner thoroughly qualifies in consistency; the method it contends for has been followed for many years

with the exception of the taxable year when the respondent refused to allow it. Since petitioner clearly had the right under the regulations to deduct the cash discounts, the issue as it presents itself to us is largely if not entirely one of fact.

The facts are undisputed and are set out in full in the findings. The petitioner seeks to deduct from invoice prices, for inventory purposes, summary averages representing allowances for cash discounts rather than exactly the discounts actually allowed. We have had occasion to consider similar issues repeatedly, and have uniformly decided that, where it appeared that substantial accuracy had been achieved, the averaged allowances for cash or other discounts should be allowed as reductions of the inventories there under consideration. *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566; *Leedom & Worrall Co.*, 10 B. T. A. 825; *Holeproof Hosiery Co.*, 11 B. T. A. 547; *Blumberg Brothers Co.*, 12 B. T. A. 1021. In the instant case it is possible to distinguish points at which the averages as applied to the whole inventory manifestly must depart somewhat from strict exactitude. Nevertheless, we are satisfied that the allowances are substantially correct, and we think deducting them from the inventories more clearly reflects income and financial position than does the method of the respondent. In our opinion, the cost of goods sold should be revised to give effect to the reductions of the opening and closing inventories by the allowances for cash discounts claimed by the petitioner.

*Judgment will be entered under Rule 50.*